# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALTERNATE ENERGY HOLDINGS, INC.,<br>DONALD L. GILLISPIE, and JENNIFER<br>RANSOM,<br><br>    Defendants,<br><br>BOSCO FINANCIAL, LLC, and ENERGY<br>EXECUTIVE CONSULTING, LLC,<br><br>    Relief Defendants. | Case No.: 10-CV-00621-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**SECURITIES AND EXCHANGE COMMISSION'S AMENDED MOTION TO COMPEL**<br><br>**(Docket No. 137)** |

Currently pending before the Court is the Securities and Exchange Commission's ("Plaintiff) Amended Motion to Compel (Docket No. 137). Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

On July 29, 2011, Plaintiff moved this Court for an order requiring Defendant Alternate Energy Holdings, Inc. ("Defendant") to produce documents and information in its possession or under its control in response to written Requests for Production of Documents. *See* Pl.'s Mot. to Compel (Docket No. 84). In light of various events taking place in the course of this litigation, on October 29, 2011, the undersigned ordered the parties to (1) meet and confer to determine

**MEMORANDUM DECISION AND ORDER - 1**

whether Plaintiff's July 29, 2011 motion can be resolved without Court involvement, and (2) submit a joint status report by January 6, 2012. *See* 10/29/11 Order, p. 3 (Docket No. 115).

The parties' January 6, 2012 Joint Status Report (Docket No. 130) suggested (at least in the Court's mind) some degree of cooperation between the parties involved in Plaintiff's underlying motion, exhibited by a rolling production of responsive materials over time. With all that in mind, on January 19, 2012, the Court denied Plaintiff's July 29, 2011 motion as moot, while nonetheless allowing Plaintiff to renew its motion by February 2, 2012 to address any outstanding issues not resolved by Defendant's document production in the meantime. *See* 1/19/12 Order, pp. 2-3 (Docket No. 136).

On February 2, 2012, Plaintiff filed the instant Motion to Compel, renewing its request for an order compelling the production of documents previously sought or, alternatively, written indication from Defendant that it has fully produced documents responsive to Plaintiff's requests. *See* Am. Mot. to Compel, p. 1 (Docket No. 137). Defendant opposes the motion, arguing that no meet-and-confer conference took place pursuant to Local Civil Rule 37.1 and, regardless, responsive documents have either already been produced or will be produced. *See* Def.'s Opp. to Am. Mot. to Compel, pp. 4-6 (Docket No. 140).

## II.  DISCUSSION

Of significant importance here is the fact that Defendant does not lodge any objection to Plaintiff's discovery requests. Instead, the thrust of Defendant's opposition to Plaintiff's latest Motion to Compel is that Defendant has already produced, or will soon produce, the requested information and that, had Defendant complied with its meet-and-confer obligations at the outset, there would have been no need to involve the Court.

MEMORANDUM DECISION AND ORDER - 2

As an initial matter, based upon the existing record, Plaintiff's counsel has sufficiently complied with Local Civil Rule 37.1 in conferring with Defendant's counsel before filing its Motion to Compel.  Indeed, the information sought has been outstanding for over a year and Plaintiff has already moved the Court for corresponding relief.  Then, believing it had not received all responsive documents by the Court-imposed February 2, 2012 deadline, it then moved to compel their production.  In other words, the parties have already met and conferred with respect to the documents requested; while a more open dialogue as to the production's updated progress (particularly in light of any internal agreements to stay discovery while pursuing settlement) may very well have averted the need to ask the Court for relief, any failure to do so is not particularly consequential here – especially when recognizing (1) the Court's imposition of an interrupting filing deadline, (2) upcoming depositions, and (3) approaching discovery deadlines.

Moreover, because Defendant apparently agrees to produce the information sought via Plaintiff's discovery requests, there appears to be little for this Court to actually order.  Indeed, throughout Defendant's opposition to Plaintiff's Motion to Compel, Defendant consistently exhibits an intent to produce all available, responsive documents:

- Defendant is intending to conduct additional searches in order to identify and produce additional documents, which would include the categories of documents that are the subject of the Amended Motion to Compel, but, pursuant to the January 17, 2012 Order, Defendant's efforts in that regard have been suspended while concerted efforts to settle the case are being undertaken.

- If mediation fails, Defendant will, as the parties agreed, resume its production efforts.

- To date, Defendant AEHI has produced all of the documents regarding Board meetings and decisions that counsel has located.

**MEMORANDUM DECISION AND ORDER - 3**

- To the extent additional responsive records are found through searches of computers and hardcopy files after discovery resumes, they will be produced to the SEC.

- If a settlement is not reached, AEHI's counsel will resume such searches and will produce all responsive material to the SEC.

- It is our understanding that, due to space considerations, the third-party email vendor downloaded emails to a backup disc, forwarded the disc to AEHI, and then removed the emails from its server. AEHI never received the first such backup disc. The third-party vendor has no records reflecting that it sent the disc, and AEHI has no records reflecting that it received the disc. We are continuing to investigate this matter.

*See* Def.'s Opp. to Am. Mot. to Compel, pp. 4-6 (Docket No. 140). Whether (or to what extent) Defendant has actually met its discovery obligations is impossible to know at this juncture. In this respect, then, the Court can only order Defendant to comply with the Federal Rules of Civil Procedure – in particular Rules 34 and 26 – when responding to Plaintiff's discovery requests and when supplementing its responses. The Court will not order more than what the Federal Rules of Civil Procedure already prescribe. However, to the extent not already produced, the Court orders that Defendant respond to Plaintiff's outstanding Requests for Production of Documents on or before May 8, 2012.

Such a ruling, as banal as it might be, is not without potential consequences. Depending on how the action and, likewise, Defendant's document production, progresses, Plaintiff may be able to, among other things, seek sanctions for spoliation and/or limit/exclude certain evidence at trial through motions in limine. Moreover, in the event later-produced documents legitimately relate to depositions already taken, Plaintiff could move (and might be able to present a compelling argument to) the Court to re-open those depositions given what can objectively be characterized as Defendant's extended delay in responding to Plaintiff's document requests.

**MEMORANDUM DECISION AND ORDER - 4**

Therefore, the Court grants Plaintiff's Amended Motion to Compel, but only insofar as ordering Defendant to respond to the at-issue Requests for Production of Documents by May 8, 2012 and in a manner consistent with the Federal Rules of Civil Procedure – if not already done so thus far.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Amended Motion to Compel (Docket No. 137) is GRANTED, but only insofar as ordering Defendant to respond to the at-issue Requests for Production of Documents by May 8, 2012 and in a manner consistent with the Federal Rules of Civil Procedure.



DATED:  **May 1, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**