UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>vs.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM,<br><br>　　Defendants,<br><br>and<br><br>BOSCO FINANCIAL, LLC, and ENERGY EXECUTIVE CONSULTING, LLC, and BLACK & LOBELLO, LLC,<br><br>　　Relief Defendants. | Case No.: 10-CV-00621-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RENEWED REQUEST TO FREEZE APPROXIMATELY $2 MILLION**<br><br>**(Docket No. 258)**<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REQUEST FOR JUDICIAL NOTICE (IN SUPPORT OF RENEWED REQUEST TO FREEZE APPROXIMATELY $2 MILLION)**<br><br>**(Docket No. 259)** |

Currently pending before the Court are Plaintiff Securities and Exchange Commission's (1) Renewed Request to Freeze Approximately $2 Million (Docket No. 258), and (2) Request for Judicial Notice (Docket No. 259). Having carefully considered the record and otherwise being fully advised, the Court enters the following Order:

I. **BACKGROUND**

In June 2012, Defendant Alternate Energy Holdings, Inc. ("AEHI") and Hamilton Guaranty Capital, LLC ("Hamilton") entered into a Financial Service Agreement (the "Financial Service Agreement") that required approximately $2 million (the "Advance Payment") to be deposited by AEHI into an escrow account controlled by Black & LoBello, LLC ("Black &

**MEMORANDUM DECISION AND ORDER - 1**

LoBello"), a Las Vegas, Nevada law firm.  Shortly after the Advance Payment was deposited with Black & LoBello, a dispute arose between AEHI and Hamilton concerning the terms of the Financial Service Agreement and the party that was entitled to receive the Advance Payment.  In August 2012, after receiving conflicting demands for the Advance Payment, Black & LoBello filed a Complaint for Interpleader against AEHI and Hamilton in Nevada state court.  In September 2012, the Nevada state court ordered that (1) the Advance Payment be placed in a blocked account that cannot be accessed without further order of the court, and (2) that the matter be resolved by mandatory binding arbitration pursuant to the terms of the Financial Service Agreement.

On November 1, 2012, Plaintiff, the Securities and Exchange Commission (the "Commission"), filed a Motion for Order to Show Cause and Order Freezing $2 Million Held by Black & LoBello, LLC ("Motion to Freeze"), arguing that, in direct contravention to this Court's February 14, 2011 Order on Order to Show Cause,[1] Defendant Donald Gillispie secretly transferred the $2 million Advance Payment to Black & LoBello's escrow account.  *See* Mot. to Freeze (Docket No. 219).  As a result, the Commission moved for an order (1) directing AEHI

---

[1] In relevant part, U.S. District Judge Edward J. Lodge's February 14, 2011 Order on Order to Show Cause states:

> Defendant AEHI agrees that it shall, within thirty (30) days of this Order, and every thirty (30) days thereafter unless ordered otherwise by this Court, provide to the Commission a complete and accurate accounting of all its expenditures that equal or exceed $2,500.00.00 (the "Monthly Accounting").  The expenditures covered by the Monthly Accounting shall include, but not be limited to, transactions that have the effect of transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets, securities, claims, or other property wherever located and for any purpose . . . .

*See* 2/14/11 Order at ¶ 6, pp. 3-4 (Docket No. 56).

**MEMORANDUM DECISION AND ORDER - 2**

and Gillispie to show cause why they should not be held in contempt of the Court's February 14, 2011 Order, and (2) freezing the $2 million held in Black & LoBello's escrow account, "thereby preserving the funds from waste and dissipation until further order of this Court." *See id*., p. 1.

On March 13, 2013, the undersigned denied the Commission's request to freeze the at-issue $2 million Advance Payment, but nonetheless imposed certain conditions moving forward, speaking to the $2 million's eventual distribution.[2] Specifically, the March 13, 2013 Memorandum Decision and Order stated in relevant part:

> As to this Court's authority to freeze the $2 million Advance Payment that is already the subject of an interpleader action in another court, the undersigned questions his inherent jurisdiction to grant the relief the Commission now seeks – even if inclined to do so. In other words, it has not been shown (and the undersigned is likewise not convinced) that this Court can order either (1) the Nevada state court to follow this Court's direction concerning the distribution of the interpleaded funds, or (2) Black & LoBello not to disburse those amounts to a party found to be entitled to the same following an arbitration award or order of the court.
>
> Therefore, to address the Commission's concerns, while still keeping intact all relevant parties' interests in the Advance Payment while the Nevada state court proceeding runs its separate course, this Court orders that, once either an informal agreement between AEHI and Hamilton is reached, an arbitration award is issued, or a court order is entered regarding the $2 million Advance Payment's apportionment (whichever occurs first, even if preceding a court order disposing of the interpleader action or confirming any arbitration award), (1) Gillispie and AEHI immediately inform this Court of the status relating thereto (through a formal filing in this action, served upon all parties to this action), and (2) any and all funds reverting back to AEHI be frozen until either AEHI, Gillispie, and/or the Commission moves to set aside this Order freezing those funds. Until then, AEHI and Gillispie may not expend such funds.

*See* 3/13/13 MDO, pp. 19-20 (Docket No. 241).

---

[2] The undersigned decided the Motion to Freeze through a Memorandum Decision and Order, *not* a Report and Recommendation for Judge Lodge's consideration, as implied by Black & LoBello in opposition to the Commission's renewed request to freeze the $2 million Advance Payment.

**MEMORANDUM DECISION AND ORDER - 3**

On July 17, 2013, the Commission asked again for an order from this Court freezing the $2 million Advance Payment, arguing that (1) AEHI and Hamilton stipulated to the payment of arbitration expenses ($10,800) using funds taken from the $2 million Advance Payment, and (2) did so without notifying the Commission or this Court pursuant to the March 13, 2013 Memorandum Decision and Order. *See* Renewed Mot. to Freeze (Docket No. 258).[3] Black & LoBello, Gillispie, and AEHI oppose the Commission's renewed Motion to Freeze. *See* Jones Aff. (Docket No. 260); Black & LoBello's Opp. to Renewed Mot. to Freeze (Docket No. 261); Roth Aff. (Docket No. 262); and AEHI's Joinder (Docket No. 263).

## II. DISCUSSION

As a threshold matter, the Commission takes issue with the use of the Advance Payment to reimburse $10,800 in arbitration expenses, offering the fact of such payment as a basis to freeze the Advance Payment in its entirety. However, and notwithstanding the potential merits of any such objection, from the Court's perspective nothing has changed with respect to its ability to grant the relief the Commission now seeks. That is, any concern the undersigned had as to his underlying jurisdiction to consider and grant the Commission's first Motion to Freeze is not solved by the second, renewed Motion to Freeze's mere outline of events concerning the Advance Payment and arbitration between AEHI and Hamilton. Simply put, the undersigned *remains* unconvinced that this Court can order the Nevada state court to follow a directive from this Court as to the handling of the Advance Payment – including Black & LoBello's

---

[3] The Commission also requests that this Court take judicial notice of the referenced stipulation entered into between AEHI and Hamilton in the Nevada state court action. *See* Req. for Jud. Not. (Docket No. 259). There is no opposition to this request; indeed, Black & LoBello attaches the stipulation to the Affidavit of Rory R. Jones in opposition to the Commission's renewed Motion to Freeze. *See* Jones Aff. (Docket No. 260). Therefore, the undersigned grants the Commission's Request for Judicial Notice.

**MEMORANDUM DECISION AND ORDER - 4**

disbursement of funds from the Advance Payment pursuant to an order from that Nevada state court. *See supra* (citing reasons for denying Commission's first Motion to Freeze). The Commission offers no compelling legal justification for doing so within its second Motion to Freeze.[4]

Additionally, while it is true that neither AEHI nor Black & LoBello notified this Court or the Commission of the Advance Payment's use for arbitration expenses before the Commission's second Motion to Freeze, such a lack of notice must be considered in the context of the complete record, in particular:

- The "Notice of Entry of Stipulation and Order Regarding Payment of Arbitrator," though executed by Hamilton and AEHI attorneys on July 5, 2013 and signed by Judge Allf on July 8, 2013, was not formally filed until July 12, 2013. *See* Not. of Entry of Stip., attached as Ex. B to Jones Aff. (Docket No. 260). Moreover, the "Notice of Entry of Stipulation and Order Regarding Payment of Arbitrator" contains a stipulated provision, requiring the parties to "submit notice of payment to the Idaho Court in connection with the case entitled Securities and Exchange Commission v. Alternate Energy Holdings, Inc., et al. Case No.: 10-CV-00621-EJL-REB pending in the Federal District Court of Idaho." *See id*.

- On July 16, 2013, Black & LoBello's Jacob Houmand, emailed Rory Jones, directing Mr. Jones to file with this Court the "Notice of Entry of Stipulation and Order Regarding Payment of Arbitrator." *See* 7/16/13 email from Houmand to Jones, attached as Ex. A to Jones Aff. (Docket No. 260).

That the Commission filed the second Motion to Freeze before Mr. Jones could actually carry out the directive from Black & Lobello does not warrant a change from this Court's March 13, 2013 Memorandum Decision and Order. Black & Lobello and/or Mr. Jones could have been quicker, to be sure; however, it just cannot be unequivocally said, as the Commission does in its

---

[4] The undersigned notes the Commission's objection to the March 13, 2013 Memorandum Decision and Order dealing with the Commission's first Motion to Freeze. *See* Obj. to MDO/RR (Docket No. 243)  Those objections are before Judge Lodge for his consideration.

**MEMORANDUM DECISION AND ORDER - 5**

briefing, that "AEHI has, once again, violated an important order from this Court." *See* Renewed Mot. to Freeze, p. 2 (Docket No. 258). To the contrary, the record reveals that the ordered notice was imminent, only to be superseded by the Commission's intervening second Motion to Freeze.[5]

With all this in mind, even though the Commission's second Motion to Freeze was properly filed in light of the facts known at the time of its filing, an examination of the complete record demonstrates that the Commission's arguments are overstated. The Commission's second Motion to Freeze is denied.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.  Plaintiff Securities and Exchange Commission's Renewed Request to Freeze Approximately $2 Million (Docket No. 258) is DENIED; and

2.  Plaintiff Securities and Exchange Commission's Request for Judicial Notice (Docket No. 259) is GRANTED.



DATED: **November 4, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[5] It likely does not need mention, but the Court will nonetheless emphasize here that the ruling on this pending Motion is limited to the particular facts presented here and should not be construed to suggest a reluctance on the part of the Court to require compliance with the terms of its prior Orders should other facts demonstrate the appropriateness of doing so.

**MEMORANDUM DECISION AND ORDER - 6**