UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM,<br><br>Defendants,<br><br>and<br><br>BOSCO FINANCIAL, LLC, and ENERGY EXECUTIVE CONSULTING, LLC, and BLACK & LOBELLO, LLC,<br><br>Relief Defendants. | Case No.: 10-CV-00621-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**AEHI'S MOTION TO APPROVE SETTLEMENT AND TO RELEASE FUNDS, OR IN THE ALTERNATIVE, TO DEPOSIT FUNDS WITH THE COURT**<br><br>**(Docket No. 269)**<br><br>**AEHI'S MOTION TO APPROVE PAYMENT OF FEES AND COSTS OF ALDRICH LAW FIRM, LTD.**<br><br>**(Docket No. 271)** |

Currently pending before the Court are Defendant Alternate Energy Holdings, Inc.'s (1) Motion to Approve Settlement and to Release Funds, or in the Alternative, to Deposit Funds with the Court (Docket No. 269), and (2) Motion to Approve Payment of Fees and Costs of Aldrich Law Firm, LTD. (Docket No. 271). Having carefully considered the record and otherwise being fully advised, the Court enters the following Order:

I. BACKGROUND

In June 2012, Defendant Alternate Energy Holdings, Inc. ("AEHI") and Hamilton Guaranty Capital, LLC ("Hamilton") entered into a Financial Service Agreement (the "Financial Service Agreement") that required approximately $2 million (the "Advance Payment") to be

**MEMORANDUM DECISION AND ORDER - 1**

deposited by AEHI into an escrow account controlled by Black & LoBello, LLC ("Black & LoBello"), a Las Vegas, Nevada law firm. Shortly after the Advance Payment was deposited with Black & LoBello, a dispute arose between AEHI and Hamilton concerning the terms of the Financial Service Agreement and the party that was entitled to receive the Advance Payment. In August 2012, after receiving conflicting demands for the Advance Payment, Black & LoBello filed a Complaint for Interpleader against AEHI and Hamilton in Nevada state court. In September 2012, the Nevada state court ordered that (1) the Advance Payment be placed in a blocked account that cannot be accessed without further order of the court, and (2) that the matter be resolved by mandatory binding arbitration pursuant to the terms of the Financial Service Agreement.

On November 1, 2012, Plaintiff, the Securities and Exchange Commission (the "Commission"), filed a Motion for Order to Show Cause and Order Freezing $2 Million Held by Black & LoBello, LLC ("Motion to Freeze"), arguing that, in direct contravention to this Court's February 14, 2011 Order on Order to Show Cause,[1] Defendant Donald Gillispie secretly transferred the $2 million Advance Payment to Black & LoBello's escrow account. *See* Mot. to

---

[1] In relevant part, U.S. District Judge Edward J. Lodge's February 14, 2011 Order on Order to Show Cause states:

> Defendant AEHI agrees that it shall, within thirty (30) days of this Order, and every thirty (30) days thereafter unless ordered otherwise by this Court, provide to the Commission a complete and accurate accounting of all its expenditures that equal or exceed $2,500.00.00 (the "Monthly Accounting"). The expenditures covered by the Monthly Accounting shall include, but not be limited to, transactions that have the effect of transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets, securities, claims, or other property wherever located and for any purpose . . . .

*See* 2/14/11 Order at ¶ 6, pp. 3-4 (Docket No. 56).

**MEMORANDUM DECISION AND ORDER - 2**

Freeze (Docket No. 219). As a result, the Commission moved for an order (1) directing AEHI and Gillispie to show cause why they should not be held in contempt of the Court's February 14, 2011 Order, and (2) freezing the $2 million held in Black & LoBello's escrow account, "thereby preserving the funds from waste and dissipation until further order of this Court." *See id.*, p. 1.

On March 13, 2013, the undersigned denied the Commission's Motion to Freeze, but nonetheless imposed certain conditions moving forward, speaking to the $2 million's eventual distribution. *See* 3/13/13 MDO (Docket No. 241). Specifically, the March 13, 2013 Memorandum Decision and Order stated in relevant part:

> As to this Court's authority to freeze the $2 million Advance Payment that is already the subject of an interpleader action in another court, the undersigned questions his inherent jurisdiction to grant the relief the Commission now seeks – even if inclined to do so. In other words, it has not been shown (and the undersigned is likewise not convinced) that this Court can order either (1) the Nevada state court to follow this Court's direction concerning the distribution of the interpleaded funds, or (2) Black & LoBello not to disburse those amounts to a party found to be entitled to the same following an arbitration award or order of the court.
>
> Therefore, to address the Commission's concerns, while still keeping intact all relevant parties' interests in the Advance Payment while the Nevada state court proceeding runs its separate course, this Court orders that, once either an informal agreement between AEHI and Hamilton is reached, an arbitration award is issued, or a court order is entered regarding the $2 million Advance Payment's apportionment (whichever occurs first, even if preceding a court order disposing of the interpleader action or confirming any arbitration award), (1) Gillispie and AEHI immediately inform this Court of the status relating thereto (through a formal filing in this action, served upon all parties to this action), and (2) any and all funds reverting back to AEHI be frozen until either AEHI, Gillispie, and/or the Commission moves to set aside this Order freezing those funds. Until then, AEHI and Gillispie may not expend such funds.

*Id.* at pp. 19-20. On April 1, 2013, the Commission objected to the March 13, 2013 Memorandum Decision and Order, arguing that the Court should exercise its authority to issue a freeze order. *See* Obj. (Docket No. 243).

**MEMORANDUM DECISION AND ORDER - 3**

On July 17, 2013, the Commission asked again for an order from this Court freezing the $2 million Advance Payment, arguing that (1) AEHI and Hamilton stipulated to the payment of arbitration expenses ($10,800) using funds taken from the $2 million Advance Payment, and (2) did so without notifying the Commission or this Court pursuant to the March 13, 2013 Memorandum Decision and Order.  *See* Renewed Mot. to Freeze (Docket No. 258).  Black & LoBello, Gillispie, and AEHI opposed the Commission's Renewed Motion to Freeze.  *See* Jones Aff. (Docket No. 260); Black & LoBello's Opp. to Renewed Mot. to Freeze (Docket No. 261); Roth Aff. (Docket No. 262); and AEHI's Joinder (Docket No. 263).

On November 4, 2013, the undersigned denied the Commission's Renewed Motion to Freeze, finding in relevant part:

> As a threshold matter, the Commission takes issue with the use of the Advance Payment to reimburse $10,800 in arbitration expenses, offering the fact of such payment as a basis to freeze the Advance Payment in its entirety.  However, and notwithstanding the potential merits of any such objection, from the Court's perspective, nothing has changed with respect to its ability to grant the relief the Commission now seeks.  That is, any concern the undersigned had as to his underlying jurisdiction to consider and grant the Commission's first Motion to Freeze is not solved by the second, Renewed Motion to Freeze's mere outline of events concerning the Advance Payment and arbitration between AEHI and Hamilton.  Simply put, the undersigned *remains* unconvinced that this Court can order the Nevada state court to follow a directive from this Court as to the handling of the Advance Payment – including Black & LoBello's disbursement of funds from the Advance Payment pursuant to an order from the Nevada state court.  The Commission offers no compelling legal justification for doing so within its second Motion to Freeze.

11/4/13 MDO, pp. 4-5 (Docket No. 264) (emphasis in original, citations and footnote omitted).

On November 18, 2013, the Commission objected to the November 4, 2013 Memorandum Decision and Order, requesting that the Court order the requested freeze.  *See* Obj. (Docket No. 265).

**MEMORANDUM DECISION AND ORDER - 4**

On February 14, 2014, AEHI filed a Notice of Potential Settlement between it and Hamilton. *See* Not. (Docket No. 266). On February 18, 2014, the Commission responded to AEHI's February 14, 2014 Notice, raising arguments similar to those previously made in its Motion to Freeze and Renewed Motion to Freeze:

> As the Commission's Renewed Request, and its Objection to the Magistrate's Memorandum Decision denying the request describe, AEHI was using some of the funds that had been "frozen" by stipulation in a Nevada state action in the Black & LoBello bank account to pay its litigation costs in an Arbitration action that had been instituted in lieu of litigating the Nevada state court action. Now, in the recently filed Notice, AEHI has stated its intent to use that frozen money to pay $550,000 to its opponent in the Arbitration, Hamilton . . . .
>
> Permitting AEHI, by "agreement" with [Hamilton], to dispose of $550,000 of the last of the remaining funds that AEHI fraudulently obtained from its shareholders would only compound the harm to shareholders AEHI has already wrought. . . . .
>
> As AEHI's own filings now make clear, AEHI was duped by [Hamilton]. [Hamilton] has no legitimate claim to *any* of the $2 million – and [Hamilton] has never been put to any test to show why it should be paid *any* of the money which rightfully belongs to the shareholders who were defrauded by AEHI. Nevertheless, AEHI now proposes to use this scare shareholder money to pay off HGC – in the amount of $550,000 – and to further pay whatever (untallied) expenses AEHI has incurred in the Arbitration and in parking the shareholders' money in an attorney's account in Las Vegas.
>
> The Court should not permit the parties to an Arbitration to divvy up the money that AEHI should rightfully be ordered to disgorge, and which should be returned to the investors who were defrauded. . . . .

*See* Rep. to Not., pp. 1-2 (Docket No. 267).

On April 2, 2014, AEHI filed the at-issue Motions. *See* Mot. to Approve Sett. and Release Funds (Docket No. 269); Mot. to Approve Pymt. of Fees/Costs (Docket No. 271). Generally, these Motions (1) seek approval by the Court of the proposed settlement between AEHI and Hamilton, (2) request that the settlement funds be released to AEHI so it can continue to operate, and (3) reimburse the Aldrich Law Firm for its services in the Nevada state court

**MEMORANDUM DECISION AND ORDER - 5**

action. On April 23, 2014, the Commission opposed the Motions. *See* Resp. to Mot. to Approve Sett. and Release Funds, p. 1 (Docket No. 274) ("Under the guise of a 'settlement' of an arbitration, AEHI proposes paying [Hamilton] $550,000 that belongs to the defrauded investors of AEHI. AEHI's stated reasons for paying the $550,000 ransom to HGC make no sense. . . . . AEHI's proposal should be declined, and an order freezing the $2 million should be entered by this Court. AEHI's request is itself further indication that the $2 million is not safe unless it is subject to a freeze order by this Court that would preserve the status quo pending this Court's assessment of disgorgement against AEHI."); Resp. to Mot. to Approve Pymt. of Fees/Costs, p. 1 (Docket No. 275) (objecting to reimbursement of costs/fees "as an inappropriate waste of the few funds remaining after AEHI defrauded members of the public out of $14.5 million" and, additionally, "AEHI's Motion to pay from these remaining funds a specific attorney – essentially choosing one creditor among many, and elevating the creditor above defrauded investors – is unfair and should be rejected . . . .").[2]

On May 13, 2014, U.S. District Judge Edward J. Lodge issued a Memorandum Decision and Order, addressing (in part), the Commission's previous objections to the undersigned's consideration of the Commission's Motion to Freeze and Renewed Motion to Freeze. *See*

---

[2] In its separate response to the Motions, Black & LoBello argues that whatever relief AEHI is seeking with regard to the settlement and/or settlement funds, it should be pursued in the Nevada state court action and, following any related order from the Nevada state court, this Court could then make any ruling as to the released funds. *See* Resp. to Mot. for Sett., pp. 5-6 (Docket No. 277) ("In other words, if the court in Nevada orders a certain amount to be disbursed to the Parties, this Court can order that any funds disbursed by the Nevada court to either Party be dealt with in a specific way, be it deposited with the Court in Idaho or to each party. But the order for initial disbursement pursuant to a settlement agreement as to the Advance Fee should be through the Nevada court, as it retains jurisdiction over those funds at this time. . . . . This Court certainly can make a ruling as to remaining or disbursed funds of the Advance Fee, after the negotiation has been entered and approved by the Nevada court.").

**MEMORANDUM DECISION AND ORDER - 6**

5/13/14 MDO (Docket No. 281).  Relevant here, Judge Lodge rejected the previous denial of the Commission's Motion to Freeze and Renewed Motion to Freeze, retroactively granting the same. *See id*. at p. 36 ("Plaintiff's Motions for Order Freezing (Dkt. 219, 258) and Motion and Objection RE: Order Freezing (Dkt. 265) are **GRANTED**.  The funds currently held in escrow by Black & LoBello are HEREBY ORDERED to **REMAIN** in that escrow account pending further order from this Court.") (emphasis in original).

## II.  DISCUSSION

As justification for freezing the $2 million that dominated this action's motion practice for the last year and a half, Judge Lodge once-and-for-all concluded:

> Having reviewed the record in this case, the court finds that the Motion to Freeze is well-taken.  The funds appear to be the subject of the dispute between the parties in this case.  It also appears AEHI may have transferred the funds in violation of this Court's Order.  Furthermore, the new materials provided by the SEC regarding the transfer of funds appears to place those funds in jeopardy of being available for recovery in this action.  In order to ensure those funds are not further transferred and possibly lost entirely in the event recovery is found to be appropriate in this securities enforcement action, the Court finds it necessary to order that the funds remain in their current account unless otherwise ordered by this Court.  The Nevada state court's order does not adequately protect the funds for this purpose.
>
> Without such relief, the court finds it highly likely that the funds may be lost and, thus, become unavailable if relief is awarded to the SEC in this case.  Further, the Court finds the SEC has shown a likelihood of success on the merits of the claim as well as a likelihood that the claimed assets will be dissipated or that relieve may otherwise be unavailable without this equitable relief. . . . .  Accordingly, the Court will grant the SEC's Motions to Freeze and order that the $2 million held in escrow by Black & LoBello remain in that same account unless and until otherwise ordered by this Court.

*Id*. at pp. 35-36 (footnotes and internal citations omitted, emphasis added).  With such a ruling and supporting rationale in mind, it would appear that the at-issue Motions, if granted, would necessarily contravene the recently-imposed freeze – particularly when recognizing Judge

**MEMORANDUM DECISION AND ORDER - 7**

Lodge's belief that the Commission may ultimately be capable of recovering/entitled to the $2 million to begin with (which the Commission expressly alleges is the case by virtue of its Supplemental Amended Complaint).[3]  The reality that is reflected in Judge Lodge's May 13, 2014 Memorandum Decision and Order now represents the landscape from which the parties (and the undersigned) must operate moving forward.  Therefore, the Motions are denied.

     Notwithstanding the denial of the pending Motions, the undersigned recognizes that the competing claims to all or portions of the $2 million Advance Payment potentially create the sort of dispute that more typically exists in a bankruptcy setting.  Except, the right to any sort of underlying judgment or entitlement to the $2 million Advance Payment has not yet been determined, nor has there been any determination of priorities among entities or individuals (including as between the SEC, the Aldrich Law Firm, and AEHI's creditors) to any part of those funds, even assuming an entitlement to make any such claim to such funds.  Based upon the record now before the Court, the $2 million Advance Payment cannot be disturbed by releasing certain monies pursuant to a settlement agreement reached by AEHI and Hamilton.  Rather, such monies are, as Judge Lodge made unequivocally clear, frozen for the time being.

     Still, if AEHI can supply the Court with legal authority that would justify a reexamination of this status quo – such as authority that entitles it (or the Aldrich Law Firm) as a matter of law to take priority of whatever their claim to the funds might be over any other

---

[3] The Court granted the Commission's Motion to File Supplemental Amended Complaint, Pursuant to FRCP 15(d) (Docket No. 216).  *See* 3/13/13 MDO, pp. 17 & 21 (Docket No. 241).  In relevant part, the Supplemental Amended Complaint alleges that "[t]he Commission additionally seeks the freeze and transfer of $2 million that AEHI recently transferred to Relief Defendant Black & LoBello, LLC pursuant to an undisclosed sham transaction that dissipated nearly all of AEHI's remaining investor funds."  *See* Supp. Am., Compl., ¶ 5 (Docket No. 216, Att. 1).

**MEMORANDUM DECISION AND ORDER - 8**

possible creditor (again, assuming AEHI's liability) – it is free to so move the Court, while permitting the Commission to respond thereto. Otherwise, the $2 million Advance Payment remains frozen.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Alternate Energy Holdings, Inc.'s Motion to Approve Settlement and to Release Funds, or in the Alternative, to Deposit Funds with the Court (Docket No. 269) is DENIED;

2. Defendant Alternate Energy Holdings, Inc.'s Motion to Approve Payment of Fees and Costs of Aldrich Law Firm, LTD. (Docket No. 271) is DENIED; and

3. Plaintiff Securities and Exchange Commission's Motion to Strike Affidavit of John P. Aldrich (Docket No. 282) is DENIED as moot.



DATED:  **May 27, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**