UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  1:10-cv-621-EJL-REB |
| Plaintiff, | |
| v. | |
| ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM, | **ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR FINAL JUDGMENT AS TO DEFENDANTS ALTERNATE ENERGY HOLDINGS, INC. AND DONALD L. GILLISPIE** |
| Defendants, | |
| and | |
| BOSCO FINANCIAL, LLC, ENERGY EXECUTIVE CONSULTING, LLC, and BLACK & LOBELLO LLC, | |
| Relief Defendants. | |

**INTRODUCTION**

Before the Court in the above entitled matter is the Securities and Exchange

Commission's (the "SEC") Motion for the entry of Final Judgment as to Defendant Alternate

Energy Holdings, Inc. ("AEHI") and Defendant Donald L. Gillispie.  The SEC bases its Motion

on the Court's prior order granting summary judgment as to the SEC's First, Second, and Sixth

claims for relief. (Dkt. 281.) In conjunction with the Motion the SEC has filed supporting

materials. The Defendants have not responded to the Motion and the time for doing so has now

expired. As such, the Court has reviewed the materials filed in relation to the Motion as well as

the entire record herein and finds as follows.

DISCUSSION

**1.      Permanent Injunction**

To obtain a permanent injunction, the SEC bears the burden of showing there is "a reasonable likelihood of future violations of the securities laws." *SEC v. M & A West, Inc.*, 538 F.3d 1043, 1055 (9th Cir. 2008) (quoting *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980)). The Court evaluates the likelihood of future violations based on (1) past violations, (2) the degree of scienter involved, (3) whether the present violation was isolated or recurrent, (4) whether the defendant recognizes the wrongful nature of his conduct, (5) "the likelihood, because of defendant's professional occupation, that future violations might occur," and (6) "the sincerity of his assurances against future violations." *Murphy*, 626 F.2d at 655. The inquiry is based on "the totality of the circumstances surrounding the defendant and his violations." *Id.* The SEC argues a permanent injunction is needed in this case because the Defendant Gillispie's actions suggests a repeated pattern of illegal and fraudulent conduct carried out with a high degree of scienter. (Dkt. 299 at 4.) Additionally, the SEC argues Defendant Gillispie has attempted to shift blame and deny any wrongdoing, not taken any efforts to mitigate harm from his past conduct, and has continued to influence the company even after resigning from the board. (Dkt. 299 at 6.)

In the Court's Order granting summary judgment, the Court concluded that Defendants AEHI and Gillispie violated Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) & 77e(c), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5(b), and Section 17(a)(2) of the Securities Act, 15 U.S.C. §§ 77q(a) & 78j(b); 17 C.F.R. § 240.10b-5(b). (Dkt. 281.) In addition, the Court granted the SEC's request to freeze some $2 million dollars that the Defendants transferred to a third party and which are subject to this enforcement action. (Dkt. 281.) The Court incorporates its findings

from that Order herein and agrees that a permanent injunction is appropriate in this case as the Defendants are likely to commit future securities law violations.

The Defendants' violations of the securities laws included repeated and multiple acts spanning several years. Their activities included providing false, misleading, and inaccurate material information in several public announcements issued in connection to securities offerings. (Dkt. 281.) These violations occurred with the requisite level of scienter. Further, the Defendants were evasive in their conduct even after this action was filed showing little sincerity or recognition for the wrongfulness of the conduct. Based on the factors noted above, the Court finds there is a reasonable likelihood of future violations of the securities laws by the Defendants. Accordingly, the Court will grant the requested permanent injunction.

## 2.      Disgorgement

The SEC also asks that the Court order the equitable remedy of disgorgement against the Defendants. (Dkt. 299 at 11.) District courts have "broad equity powers to order the disgorgement of ill-gotten gains obtained through the violation of the securities laws. Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable." *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (quoting *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 (9th Cir. 1998)); *see also SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113 (9th Cir. 2006). The calculation of disgorgement amounts is subject to the district court's discretion. *JT Wallenbrock*, 440 F.3d at 1113. The amount of disgorgement should include all proceeds obtained from the securities violations and is not limited to only those proceeds the defendant personally benefitted from. *JT Wallenbrock*, 440 F.3d at 1113-14; *Platforms Wireless*, 617 F.3d at 1097. Disgorgement need only be a "reasonable approximation of profits causally connected

ORDER GRANTING SEC MOTION
FOR FINAL JUDGMENT AS TO DEF. AEHI AND GILLISPIE

to the violation" or "reasonably approximates the amount of unjust enrichment." *Platforms Wireless*, 617 F.3d at 1096; *First Pac. Bancorp*, 142 F.3d at 1192 n. 6. The SEC bears the burden of showing the causal relationship between the wrongdoing and the funds. *SEC v. Loomis*, 17 F.Supp.3d 1026, 1030 (E.D. Cal. 2014) (citations omitted).

Additionally, the "SEC 'bears the ultimate burden of persuasion that its disgorgement figure reasonably approximates the amount of unjust enrichment.'" *Platforms Wireless*, 617 F.3d at 1096 (quoting *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1232 (D.C. Cir. 1989) and citing *First Pac. Bancorp*, 142 F.3d at 1192 n. 6). "Once the SEC establishes a reasonable approximation of defendants' actual profits…the burden shifts to the defendants to 'demonstrate that the disgorgement figure was not a reasonable approximation.'" *Id.* (citing cases). "[W]here two or more individuals or entities collaborate or have a close relationship in engaging in the violations of the securities laws, they have been held jointly and severally liable for the disgorgement of illegally obtained proceeds." *Id.* at 1098 (quoting *First Pac. Bancorp*, 142 F.3d at 1191).

In this case, the SEC has calculated the total amount of funds raised by the Defendants subject to disgorgement to be $14,567,030.00 as that amount represents the total funds raised by the Defendants from the securities violations. (Dkt. 300.) The funds raised by Defendants were by way of the sale of unregistered common stock in violation of the securities laws. (Dkt. 281.) Thus, the Court agrees that the entire amount of the funds received by the Defendants from the stock sales are all proceeds from the securities violations and a reasonable approximation of the amount of the unjust enrichment obtained by the Defendants in this case. The Defendants have not contested this approximation.

Furthermore, Defendant Gillispie was the central figure in the operations and decisions of the entity Defendant, AEHI. (Dkt. 281.) For all intents and purposes, Defendant Gillispie was the

controlling person at AEHI and responsible for the securities violations. Thus, the two defendants had the requisite "close relationship" in engaging in the violations of the securities laws needed to impose joint and several liability for the disgorgement of the illegally obtained proceeds. For these reasons and based on the entire record herein, the Court finds the disgorgement proceeds calculated by the SEC to reasonably approximate the amount of the unjust enrichment. Further, the Court finds disgorgement is warranted in this case as it will deprive the wrongdoers of unjust enrichment from the ill-gotten gains and serve to deter others from violating securities laws by making violations unprofitable. *See Platforms Wireless*, *supra*.

**3.      Prejudgment Interest**

The SEC has submitted the Declaration of Susan F. Lamarca in support of its Motion which calculated prejudgment interest as $245,036.00 based on the application of the statutory rate found in 28 U.S.C. § 1961. (Dkt. 300.)

"In general, '[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion,' taking into consideration '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.'" *SEC v. Olins*, 762 F.Supp.2d 1193, 1198-99 (N.D. Cal. 2011) (quoting *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996)). Section 1961, which the SEC used in its calculation here, is generally used to compute interest on money judgments in civil cases, and is used "unless the equities of a particular case demand a different rate." *Platforms Wireless*, 617 F.3d at 1099 (quoting *In re Nucorp Energy, Inc.*, 902 F.2d 729, 734 (9th Cir. 1990)). The Ninth Circuit, however, has calculated prejudgment interest in securities violation cases based on the

tax underpayment rate set forth in 26 U.S.C. § 6621 instead of the rate found in 28 U.S.C. § 1961

stating:

> We conclude, however, that Section 1961 provides an inappropriate interest rate in this
> case. The treasury-bill rate in Section 1961 reflects the interest rate paid for lending
> money to the U.S. Government, not for borrowing money. It is therefore "not an
> appropriate measure of prejudgment interest to charge in remedial proceedings, where the
> purpose of the prejudgment interest is to deny a wrongdoer any economic benefit from
> his violations." By imposing a lower interest rate than the one reflected in Section 6621,
> the defendants would benefit from their unlawful conduct by obtaining their $1.75
> million "loan" from investors at a below-market rate.

*Id.* (citations omitted). Regardless, the Court finds an award of prejudgment interest and the

calculation made under § 1961 to be appropriate in this case and the Court will order the same.

**4.      Civil Penalty**

As with the permanent injunction, civil penalties are imposed to deter the wrongdoer

from similar future violations. Both the Securities Act and the Exchange Act allow the Court to

impose a civil penalty against those who violated it by establishing three tiers of penalties

limiting the maximum amount to be awarded in any given case. *See* 15 U.S.C. §§ 77t(d) and

78u(d)(3). The Court may order a "first-tier" penalty "in light of the facts and circumstances" of

the case. *Olins*, 762 F.Supp.2d at 1199. A higher, "second-tier," penalty is only warranted for a

violation "involv[ing] fraud, deceit, manipulation, or deliberate or reckless disregard of a

regulatory requirement." *Id.* Finally, a "third-tier" penalty is warranted only where there is a

further showing that "such violation directly or indirectly resulted in substantial losses or created

a significant risk of substantial losses to other persons." *Id.* (citation omitted). "The specific

amount of the civil penalty imposed within each tier is, however, discretionary." *Id.* (quoting

*SEC v. Moran*, 944 F.Supp. 286, 296–97 (S.D.N.Y. 1996)). The appropriate amount of any civil

penalty is determined by evaluating the *Murphy* factors listed above.

In this case, the SEC asks the Court to impose the highest level penalty, third tier, arguing the Defendants' conduct in this case involved fraud or deceit and the conduct created a significant risk of substantial losses to other persons. (Dkt. 299 at 14.)

Having reviewed the record in this matter, the Court finds the securities violations are such that the Defendants are subject to third tier penalties. The Defendants actions here involved fraud, deceit, manipulation, or deliberate and/or reckless disregard of a regulatory requirement. The Defendants engaged in a scheme of illegal offerings of securities to numerous public investors using misleading information. (Dkt. 281.) The public and investors were misled by these fraudulent and deceptive misrepresentations. As a result of their deceptive practices, the Defendants amassed over $14 million from approximately 850 investors most of which is now gone. These losses are substantial. Accordingly, the Court finds third tier civil penalties are warranted in this case.

For third tier violations, the amount of the penalty for each such violation "shall not exceed the greater of (i) $100,000 for a natural person or $500,000 for any other person, or (ii) the gross amount of pecuniary gain to such defendant as a result of the violation…." 15 U.S.C. §§ 77t and 78u(d)(3)(B)(iii).[1] The appropriate amount of the penalty is determined based on the facts and circumstances of a particular case. *See* 15 U.S.C. § 78u(d)(3)(B)(i). In making this determination, courts generally consider: (1) the degree of scienter involved; (2) the isolated or recurrent nature of the infraction; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the likelihood, because of defendant's professional occupation, that future violations might occur; (5) and the sincerity of his assurances against future violations. *SEC v. CMKM Diamonds, Inc.*, 635 F.Supp.2d 1185, 1192 (D. Nev. 2009) (citation omitted). A court may also

---

[1]  The applicable Code of Federal Regulations, 17 C.F.R. § 201.1004, adjusted the civil penalty amounts for conduct occurring in or after 2009. Under this adjustment, the maximum amounts for a third tier violation the maximum amounts are $130,000 for a natural person and $650,000 for any other person. The conduct giving rise to the securities violations in this case began in 2006 and continued through much of 2010.

ORDER GRANTING SEC MOTION
FOR FINAL JUDGMENT AS TO DEF. AEHI AND GILLISPIE

examine a defendant's ability to pay the civil fine in determining the appropriate amount. *See SEC v. Jasper*, 883 F.Supp.2d 915, 931–32 (N.D. Cal. 2010). Civil penalties are intended to punish the wrongdoer and deter future violations. *See SEC v. Tourre*, 4 F.Supp.3d 579 (S.D.N.Y. 2014).

Here, the Court finds a penalty against Defendant Gillispie in the amount of $75,000 is appropriate. Defendant Gillispie was centrally involved in the recurrent securities violations which this Court has already concluded were done with the requisite degree of scienter. Additionally, Defendant Gillispie's conduct suggests little recognition of the wrongful nature of his conduct and/or sincerity of any assurances he may make against future violations. Further, as previously stated, the Court finds there is a likelihood that Defendant Gillispie may commit future violations.

As to the Defendant AEHI, the Court finds a civil penalty in the amount of $300,000 is appropriate. Again, the securities violations were repeated, intentional, and ongoing for approximately four years. Further, the nature of AEHI's business necessitates securing investors and gives rise to a likelihood of future securities violations.

5.    **Conclusion**

Based on the foregoing, the Court finds the SEC has supplied sufficient evidence to show that the Defendants AEHI and Donald L. Gillispie have engaged in conduct in violation of Sections 5(a), 5(c) and 17(a) of the Securities Act, 15 U.S.C. § 77e(a) & 77e(c) and 77q(a); and Section 10(b) of the Exchange Act, 15 U.S.C. § 78(j); and Rule 10b-5, 17 C.F.R. § 240.10b-5, and unless restrained and enjoined would likely engage in future violations of these provisions. As such the requested permanent injunction is appropriate in this case. Additionally, the Court finds the Defendants AEHI and Donald L. Gillispie obtained ill-gotten gains from their violations of the above provisions in an amount of approximately $14,567,030, and that with the

ORDER GRANTING SEC MOTION
FOR FINAL JUDGMENT AS TO DEF. AEHI AND GILLISPIE

appropriate pre-judgment interest thereon of approximately $245,036, the Defendants should

together be jointly and severally liable for disgorgement of $14,812,066. Additionally, the Court

finds the imposition of civil penalties against both Defendants is appropriate as stated herein.

Accordingly, the Court will grant the Motion for Entry of Judgment as follows.

### ORDER

Plaintiff's Motion for Final Judgment as to the First, Second, and Sixth Causes of Action

against the Defendants AEHI and Gillispie (Dkt. 298) is **GRANTED** and based thereon it is

HEREBY ORDERED THAT:

1.    Defendants AEHI and Donald L. Gillispie, and their respective officers, agents,

servants, employees, attorneys, and those persons in active concert or participation with any of

them, who receive actual notice of this Order, by personal service or otherwise, and each of

them, are permanently restrained and enjoined from, in the offer or sale of any securities, by the

use of any means or instruments of transportation or communication in interstate commerce or

by the use of the mails, directly or indirectly:

A.    employing any device, scheme, or artifice to defraud;

B.    obtaining money or property by means of any untrue statement of a material fact

or any omission to state a material fact necessary in order to make the statements made, in light

of the circumstances under which they were made, not misleading; or

C.    engaging in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

2.    Defendants AEHI and Donald L. Gillispie, and their respective officers, agents,

servants, employees, attorneys, and those persons in active concert or participation with any of

them, who receive actual notice of this Order, by personal service or otherwise, and each of

them, are permanently restrained and enjoined from, directly or indirectly, in connection with the

purchase or sale of any security, by the use of any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange:

      A.     Employing any device, scheme or artifice to defraud;

      B.     Making any untrue statement of a material fact or omitting to state a material fact

necessary in order to make the statements made, in the light of the circumstances under which

they were made, not misleading; or

      C.     Engaging in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

thereunder, 17 C.F.R. § 240.10b-5.

      3.     Defendants AEHI and Donald L. Gillispie, and their respective officers, agents,

servants, employees, attorneys, and those persons in active concert or participation with any of

them, who receive actual notice of this Order, by personal service or otherwise, and each of

them, are permanently restrained and enjoined from, directly or indirectly, in the absence of any

applicable exemption:

      A.     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce or of the mails

to sell such security through the use or medium of any prospectus or otherwise;

      B.     Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or instruments of

transportation, any such security for the purpose of sale or for delivery after sale; or

      C.     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of

any prospectus or otherwise any security, unless a registration statement has been filed with the

SEC as to such security, or while the registration statement is the subject of a refusal order or

stop order or (prior to the effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

   4.  Defendants AEHI and Donald L. Gillispie, and each of them, are jointly and

severally liable for disgorging ill-gotten gains of $14,567,030, together with prejudgment interest

thereon in the amount of $245,036, for a total disgorgement of $14,812,066.  Defendants shall

make payment of the total amount within thirty (30) days of the date of this Order.  Defendants

may transmit payment electronically to the SEC, which will provide detailed ACH

transfer/Fedwire instructions upon request. Payment may also be made directly from a bank

account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Defendants may also pay by certified check, bank cashier's check, or United States postal money

order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Donald L. Gillispie and/or Alternate Energy Holdings, Inc. as defendants in this

action; and specifying that payment is made pursuant to this Final Judgment.  In making such

payment, Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the SEC's counsel in this action.  By making this payment, Defendant

relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds

shall be returned to Defendant.  The SEC shall hold the funds, together with any interest and

income earned thereon (collectively, the "Fund"), pending further order of the Court.

5.      Defendant Donald L. Gillispie shall pay a civil penalty in the amount of $75,000

pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Section 20(d) of the

Securities Act, 15 U.S.C. § 77t(d).  Defendant shall make this payment within thirty (30)

business days after entry of this Final Judgment by the same means set forth above (Paragraph

IV).  The SEC shall hold the funds, together with any interest and income earned thereon

(collectively, the "Fund"), pending further order of the Court.

6.      Defendant AEHI shall pay a civil penalty in the amount of $300,000 pursuant to

Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Section 20(d) of the Securities Act,

15 U.S.C. § 77t(d).  Defendant shall make this payment within thirty (30) business days after

entry of this Final Judgment by the same means set forth above (Paragraph IV).  The SEC shall

hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

pending further order of the Court.

7.      Pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and

Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant Donald L. Gillispie is

permanently prohibited as of the date of entry of this Order from acting as an officer or director

of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act,

15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act,

15 U.S.C. § 78o(d).

8.      Pursuant to 15 U.S.C. §§ 77t(g) & 78u(d)(6), Defendant Donald L. Gillispie is

permanently barred, as of the date of entry of this Final Judgment, from participating in an

offering of penny stock, including engaging in activities with a broker, dealer, or issuer for

purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any

penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

IT IS FURTHER ORDERED that the SEC shall file a written notification with the Court as to how it intends to proceed on the remaining claims in this case on or before **December 22, 2014**.

DATED: December 3, 2014

Edward J. Lodge
United States District Judge