JINA L. CHOI (Admitted to N.Y. bar)
SUSAN F. LaMARCA (Admitted to Cal. bar)
　　lamarcas@sec.gov
ROBERT L. TASHJIAN (Admitted to Cal. bar)
　　tashjianr@sec.gov
DAVID A. BERMAN (Admitted to N.Y. bar)
　　bermand@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br>　　v.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM,<br><br>　　　　Defendants,<br><br>　and<br><br>BOSCO FINANCIAL, LLC, ENERGY EXECUTIVE CONSULTING, LLC, and BLACK & LOBELLO, LLC<br><br>　　　　Relief Defendants. | Case No.  1:10-cv-621-EJL-REB<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT AEHI'S MOTION TO STRIKE (DKT NO. 315)** |

Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") hereby responds to Defendant Alternate Energy Holdings, Inc.'s ("AEHI") Motion to Strike, filed on February 3, 2015.

### 1. Request Pursuant to FRCP 6(b) Civil Local Rule 6.1

On January 28, 2015, the SEC filed its Reply brief in support of its Motion for Final Judgment, responding to Defendant AEHI's opposition. *See* Dkt No. 314. One week later, AEHI moved to strike the SEC's Reply on the ground that it was untimely filed, citing two alternative dates on which AEHI believes it could have been deemed due (the first, was January 15; the second was January 20). Although AEHI cites to both, from the record the applicable due date was January 20, 2015, pursuant to this Court's December 4, 2014 Docket Order. *See* Dkt. No. 304 ("Accordingly, the Court will SET ASIDE its Order of Final Judgment in this action and will reconsider the same after the briefing is completed in accordance with the schedule set forth in the Joint Status Report."); Dkt No. 297 (briefing schedule in Joint Status Report states January 20, 2015). The Commission's undersigned counsel mis-calendared the due date through inadvertent error.[1] *See* Declaration of Susan F. LaMarca (filed herewith). Consequently, the Commission filed the Reply on January 28, 2015, a week after the date on which the parties had suggested.

The SEC respectfully asks that the time for filing the Reply be extended to January 28, 2015 (the date of the actual filing of the Reply), pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), and Local Rule 6.1., as the timing of the filing was due to an inadvertent error. Under Rule 6(b), the Court may for good cause extend the time, and "good cause" includes "excusable neglect." "To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must

---

[1] The briefing schedule suggested to the Court in the Joint Status Report was offered to accommodate the defendants' request for sufficient time to respond to the SEC's Motion for Final Judgment. Though suggested in the Status Report, the parties failed to request from the Court an actual order.

SEC'S RESP. TO DEF. AEHI'S MOTION TO STRIKE – 1

apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010), *citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (first Ninth Circuit application of the *Pioneer Inv. Servs*. factors, but in the context of Rule 60(b) motions for relief from an order or a judgment). Courts applying the *Pioneer* and *Briones* factors engage in an "equitable balancing test," *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000), and they may not apply per se rules. *Ahanchian,* 624 F.3d at 1261.

In this instance, the SEC's counsel, through simple error, incorrectly recollected and recorded the due date for a reply brief, which had been arrived at in a suggested briefing schedule offered by the parties in a statement filed more than three months earlier. This date was not determined by the rules, and the error of counsel was not in interpreting the rules, but rather in mis-recording and mis-recalling the correct date. The error was inadvertent and not even noticed by the SEC's counsel until AEHI filed its motion to strike. Importantly, there was no attempt to gain any unfair advantage, nor was any gained, and the error was not made in bad faith. *See, e.g., Ahanchian*, 624 F.3d at 1263 (finding lack of bad faith by party seeking Rule 6(b) extension, and disappointment at opposing counsel's unwillingness to so stipulate). Furthermore, the SEC's brief was filed eight days after the correct due date, which, given the amount of time that the briefing scheduled allowed for AEHI's opposition, was not a significant extension. *Compare Bateman*, 231 F.3d at 1223, 1225 (finding three-week delay in recognizing failure to file response to summary judgment, followed by additional 35-day delay in formally requesting relief under Rule 60, to be "minimal").

Importantly, AEHI has not been prejudiced in any way, and in fact has not even suggested any potential for prejudice. *See, e.g., Ahanchian*, 624 F.3d at 1260 (finding no actual prejudice despite

SEC'S RESP. TO DEF. AEHI'S MOTION TO STRIKE – 2

opposing counsel's claim that the requested extension would have resulted in a shortened time for a reply); *Bateman*, 231 F.3d at 1224-25 (finding opponent's claimed prejudice to be "minimal" and insufficient to justify denial of relief, though delay removed opportunity for quick victory and could have caused the trial date to be moved).  Further, in this case, no other deadlines are impacted in any way.  Rather, AEHI appears to have used its motion to strike chiefly to further brief or argue the underlying issues, and to request further proceedings, or a "hearing," on the merits.

Accordingly, the Commission asks that the Court grant the SEC's requested extension under Rule 6(b) and Local Rule 6.1, and accept the filing of the SEC's Reply.

**2. Defendant AEHI's Alternative Request for Oral Argument**

Defendant AEHI makes an "alternative" request for "oral argument or hearing to correct various statements made by the SEC."  Dkt No. 315 at 2.  The Commission understands that under this Court's Local Rules, and its practice, oral argument is left to the Court's discretion.  AEHI further suggests a "hearing" without, however, explaining what it means by a "hearing" and whether AEHI believes the Court must preside over the taking of additional evidence.  In the parties' Joint Status Report filed in October 2014, the parties did not suggest to the Court any need for an evidentiary hearing on the remedies issues involving AEHI.

However, neither a request for a "hearing," nor a motion to strike, justify AEHI's inappropriate attempt to relitigate already resolved issues (such as the Court's finding in summary judgment that AEHI, through Gillispie, acted with scienter), and its baseless and unfounded denials of well-supported facts (e.g., calling "untrue" the *admitted* fact that AEHI has not engaged in business since Gillispie's departure).  AEHI has had abundant opportunity to present to the Court any *evidence* it had on the issues raised in its alternative request.  Accordingly, except to the extent that the Court should find oral argument on the pending motion helpful, the Commission asks that the Court otherwise deny Defendant's request for a "hearing" as unnecessary and dilatory.

SEC'S RESP. TO DEF. AEHI'S MOTION TO STRIKE – 3

**CONCLUSION**

For the above reasons, the Commission requests that the Court grant the extension under Rule 6(b), and reject AEHI's motion to strike.


Dated:  February 13, 2015             Respectfully submitted,


                                       /s/ *Susan F. LaMarca*
                                      Susan F. LaMarca
                                      Attorney for Plaintiff
                                      SECURITIES AND EXCHANGE COMMISSION

# CERTIFICATE OF SERVICE

I, Karl Roeseler, am a citizen of the United States, over 18 years of age, and am not a party in this action.  I hereby certify that on February 13, 2015, the PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT AEHI'S MOTION TO STRIKE (DKT NO. 315) and the accompanying DECLARATION OF SUSAN F. LA MARCA was e-filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Charles Thomas Arkoosh
>tom.arkoosh@arkoosh.com
>Arkoosh Law Offices
>802 West Bannock, Suite 900
>P.O. Box 2900
>Boise, ID 83701
>Representing Defendant Alternate Energy Holdings, Inc.
>
>Charles F Peterson, Jr.
>chuck@petersonlawyers.com
>Peterson Law Office
>913 W River St #420
>Boise, ID 83702
>Representing Defendant Jennifer Ransom
>
>Rory R Jones
>rjones@idalaw.com
>Trout Jones Gledhill Fuhrman, P.A.
>PO Box 1097
>Boise, ID 83701
>Representing Relief Defendant Black & LoBello, PLLC

I further certify that on such date I served the foregoing on the following non-CM/ECF Registered Participants via US MAIL and e-mail addressed as follows:

>Donald L. Gillispie, Pro Se
>8177 N. Stonebriar Lane
>Meridian, ID 83646
>westernnuclear@gmail.com

Dated:   February 13, 2015              /s/ *Karl Roeseler*
                                         Karl Roeseler