UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br>  v.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM,<br><br>       Defendants,<br><br>  and<br><br>BOSCO FINANCIAL, LLC, ENERGY EXECUTIVE CONSULTING, LLC, and BLACK & LOBELLO, LLC<br><br>       Relief Defendants. | Case No.  1:10-cv-621-EJL-REB<br><br>**FINAL JUDGMENT AS TO DEFENDANT JENNIFER RANSOM AND RELIEF DEFENDANT BOSCO FINANCIAL, LLC** |

The Securities and Exchange Commission ("Commission"), having filed a complaint (as amended), and Defendant Jennifer Ransom and Relief Defendant Bosco Financial, LLC ("Bosco Financial"), having each entered a general appearance; consented to the Court's jurisdiction over each of them and over the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Ransom is permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting the violations of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant

Ransom's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Ransom is permanently restrained and enjoined from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, by failing to file, within the time period required, a statement setting for the amount (or any changes in the amount) of all equity securities of such issuer of which she is a director, an officer, or the beneficial owner of more than 10 percent of any class of equity security that is registered with the Commission pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Ransom's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ransom is permanently barred from participating in an offering of any penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ransom and Relief Defendant Bosco Financial are liable, on a joint and several basis, for disgorgement (including prejudgment interest thereon) of $580,780.  The obligation of Defendant, and Relief Defendant, to pay disgorgement (and prejudgment interest) shall be deemed satisfied upon the entry of an order or judgment against Defendant requiring forfeiture or restitution, in *United States v. Donald L. Gillispie and Jennifer R. Ransom,* No. 1:14-cr-00236-EJL (D. Idaho).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Ransom and Relief Defendant Bosco Financial shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Ransom under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Ransom of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: October 9, 2015

_____
Honorable Edward J. Lodge
United States District Court

4