UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>   v.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM,<br><br>        Defendants,<br><br>   and<br><br>BOSCO FINANCIAL, LLC, ENERGY EXECUTIVE CONSULTING, LLC, and BLACK & LOBELLO LLC,<br><br>        Relief Defendants. | Case No. 1:10-cv-621-EJL-REB<br><br>**ORDER RE: PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR AN ORDER REQUIRING RELIEF DEFENDANT BLACK & LOBELLO, LLC TO TURN OVER FUNDS SUBJECT TO DISGORGEMENT** |

Before the Court in the above-entitled matter is the Securities and Exchange Commission's (the "SEC") Motion seeking an order requiring Relief Defendant Black & LoBello, LLC to turn over the $2 million currently held frozen in a Nevada bank account in its name to the SEC, in partial satisfaction of the Court's Order of disgorgement against Defendants Alternate Energy Holdings, Inc. ("AEHI") and Donald Gillispie, dated May 21, 2015. (Dkt. 323, 327.) AEHI has filed a response to the Motion stating its non-objection to the return of the funds to be held by this Court but has objected to the disgorgement of the funds to the SEC and has countermoved to ask the Court to approve and release some of the funds to pay attorney fees and costs incurred by Aldrich Law

Firm, Lts. in its representation of AEHI. (Dkt. 328.) The SEC's reply brief opposes AEHI's request and maintains the funds should be turned over to the SEC. (Dkt. 331.) The matter is now ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

## DISCUSSION

On May 13, 2014, this Court ordered that the approximately $2 million that AEHI had transferred to Black & LoBello, LLC to remain in that account pending further order from this Court. (Dkt. 281.) Black & LoBello has been named in this action as a "relief defendant." The Court has since entered a judgment against AEHI ordering AEHI to pay $14,812,066 in disgorgement (including prejudgment interest), plus a $200,000 civil penalty. (Dkt. 323.) The SEC now seeks disgorgement of the funds held by Black & LoBello. (Dkt. 327.)

AEHI's opposition to the Motion requests that the Aldrich Law Firm, Ltd. be paid the costs and attorney fees it incurred in representing AEHI in separate matters that related to the funds being held by Black & LoBello. (Dkt. 328.) In support of its position, AEHI has submitted materials from the proceeding before the Nevada State Court which ordered an award of attorney fees and costs to the Aldrich Law Firm. The Court has reviewed the parties briefing, materials, and the entire record herein and finds as follows.

District courts have "broad equity powers to order the disgorgement of ill-gotten gains obtained through the violation of the securities laws. Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable." *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (quoting *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 (9th Cir. 1998)); *see also SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113 (9th Cir. 2006). The Court has ordered disgorgement in this case. (Dkt. 323.)

As a relief defendant, Black & LoBello may be named and ordered to disgorge illegal funds in its possession if it has no right to retain such funds. *See SEC v. Colello*, 139 F.3d 674, 676-79 (9th Cir. 1998). Black & LoBello has asserted no right to retain the funds. Accordingly, disgorgement of the funds held by Black & LoBello as requested by the SEC is appropriate.

AEHI's countermotion seeks dispersal of a portion of these funds to an entity that is not a party to this action. (Dkt. 328.) Aldrich Law Firm appears to have a claim as a creditor against AEHI for repayment of the costs and attorney fees incurred in representing AEHI in a separate matter. (Dkt. 328-1, Ex. 1.) That claim, however, does not equate to a right to payment from the disgorged funds awarded to the SEC in this case. Accordingly, the Court denies AEHI's countermotion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for an Order Requiring Relief Defendant Black & LoBello, LLC to Turn Over Funds Subject to Disgorgement (Dkt. 327) is **GRANTED.**

IT IS FURTHER ORDERED that Relief Defendant Black & LoBello, LLC shall make payment of the $2 million within thirty (30) days of the date of this Order. Relief Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Black & LoBello, LLC as a Relief Defendant in this action; and specifying that payment is made pursuant to this Order. In making such payment, Black & LoBello, LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel (Susan F. LaMarca) in this action. By making this payment, Black & LoBello, LLC relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Black & LoBello, LLC. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

Dated: **December 17, 2015**

Honorable Edward J. Lodge
United States District Judge